Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 36023614

CAUSE NO. **429-04536-2019**

| | | |
|---|---|---|
| ALLEN PREMIUM OUTLETS, L.P., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## ORIGINAL PETITION AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE:

COMES NOW Allen Premium Outlets, L.P. ("APO"), and files this *Original Petition and Request for Declaratory Judgment* pursuant to the Texas Declaratory Judgment Act, complaining of Liberty Mutual Insurance Company ("Defendant").  In support thereof, APO would respectfully show the following:

### I.
#### PARTIES

1.     Plaintiff Allen Premium Outlets, L.P. is duly organized under the laws of the State of Texas, and has its principal place of business in the State of Texas.

2.     Defendant Liberty Mutual Insurance Company is incorporated and duly organized under the laws of the State of Massachusetts, and has its principal place of business in the State of Massachusetts. Defendant is licensed to and, upon information and belief, does business in the State of Texas. Pursuant to the Texas Insurance Code, Defendant may be served with process by and through its designated agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas  78701-3218.

**EXHIBIT "A"**

---

## II.
### JURISDICTION AND VENUE

3.    The damages in this case are in excess of the minimum jurisdictional limits of this Court.

4.    APO seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.    Venue is proper in Collin County, Texas because all or a substantial part of the acts and/or omissions giving rise to APO's claims occurred in Collin County.

## III.
### DISCOVERY CONTROL PLAN

6.    APO intends to conduct discovery under Level 3 of the Texas Rule of Civil Procedure.

## IV.
### FACTS

7.    This action for breach of contract and declaratory judgment arises out of a dispute between APO and Defendant regarding Defendant's failure to honor its obligation to defend and provide coverage to APO for claims asserted against it in the lawsuit styled *Dolores Hawthorne v. Allen Premium Outlets, LP and Blue Chip 2000 Commercial Cleaning Inc.*; Cause No. 429-04077-2018; in the 429th Judicial District Court, Collin County, Texas (the "Lawsuit"). A true and correct copy of Dolores Hawthorne's Original Petition ("Original Petition") is attached as Exhibit "A."

8.    In her Original Petition, Dolores Hawthorne ("Hawthorne") alleges that she was a patron shopping at the Allen Premium Outlets located at 820 West Stacy Road, Allen, Texas 75013 on September 16, 2016, when she entered the restroom and slipped and fell on a solvent substance, landing on her rear end.  *See* Original Petition, Exhibit "A", at p. 3 ¶10.

9.      Hawthorne further alleges that the allegedly hazardous area was not labeled or marked and there were no warning signs up in the immediate area where a "crystal white looking solvent" was on the floor. *Id.*

10.     In her Original Petition, Hawthorne seeks to establish liability on the part of Blue Chip 2000 Commercial Cleaning Inc. ("Blue Chip") for creating a hazardous condition on the APO premises and failing to properly warn of the same.  *Id.*

11.     Hawthorne therefore specifically asserts claims against APO that arise out of a condition created by Blue Chip, and arise out of injuries to Hawthorne allegedly caused by Blue Chip's performance or alleged failure to perform janitorial services.

12.     Blue Chip and APO entered into a Service Agreement for Janitorial Services on July 1, 2014 wherein Blue Chip undertook to provide all janitorial and related services on the APO premises (the "Agreement")[1].  The Agreement Ending Date was contracted to be June 30, 2017, after Hawthorne's alleged incident allegedly occurred.

13.     Pursuant to the terms and conditions of the Agreement, Blue Chip agreed, among other things, to indemnify and hold harmless APO for any claims arising from Blue Chip's performance or alleged failure to perform services under the Agreement.

14.     The Agreement further required Blue Chip to name APO as an additional insured under its insurance policy and, on information and belief, Blue Chip carries a commercial general liability policy with Defendant, pursuant to which APO qualifies as an "additional insured," as an "Owner Party," that is an additional insured "with respect to liability arising out of Contractor's [Blue Chip's] ongoing and completed operations" thus affording APO all of the

---

[1] The original agreement identifies the Owner of the premises as Chelsea Allen Development, L.P.  Chelsea Allen Development, L.P. formally amended its name to Allen Premium Outlets, L.P. on January 4, 2016.  *See* Certificate of Amendment filed with the Texas Secretary of State on January 4, 2016, attached as **Exhibit B**.

privileges and legal remedies available to Blue Chip under the policy, pursuant to the Agreement.

15.     As an additional insured under the insurance policy, APO is entitled to coverage with respect to claims and allegations that arise out of obligations by Blue Chip to APO pursuant to the terms and conditions of the Agreement.

16.     On March 7, 2017, APO made written demand upon Blue Chip to provide APO with a defense and indemnity against Hawthorne's claims prior to the filing of the Lawsuit pursuant to the indemnity provision of the Agreement.  On May 16, 2017, Defendant's Sr. Claims Specialist, Christopher Warren, replied and stated he had reviewed the file and confirmed Blue Chip was an insured and "[w]e will accept the handling of the tender until conclusion."  A copy of this letter is attached as Exhibit "C."

17.     Subsequent to this tender acceptance, Hawthorne filed suit against Blue Chip and APO.  APO reached out to Defendant on numerous occasions regarding the Lawsuit, seeking direction from Defendant with regard to their accepting tender, to no avail.  On September 4, 2018, APO again sent a tender letter to Blue Chip, copying Mr. Warren, and received no response.  With APO's answer deadline in the Lawsuit quickly approaching and still no guidance from Defendant, APO hired the undersigned counsel to represent APO in the Lawsuit until Defendant fulfilled its tender obligations.  The undersigned, on APO's behalf, again continued to make written demand to Defendant to honor and perform its duty to defend and provide liability coverage to APO in connection with the claims asserted against it by Hawthorne in the Lawsuit. Defendant has failed to accept and honor its obligations to defend and cover APO in connection with the Lawsuit.

18.     All conditions precedent to bringing this breach of contract and declaratory judgment action have been satisfied.

## V.
### CLAIMS FOR RELIEF

19.     Defendant has breached its obligation to provide coverage and a defense to APO in the Lawsuit. Accordingly, APO seeks all damages caused thereby which are recoverable by law, as well as a declaration that Defendant has owed, and continues to owe, a duty to defend APO in the Lawsuit pursuant to the terms and conditions of the commercial general liability insurance policy, including any endorsements, under which APO is designated as an additional insured. As a result of Defendant's breach of contract, APO has had to retain legal counsel for defense in the Lawsuit, and has incurred necessary attorneys' fees and costs in connection with that defense. Accordingly, APO seeks recovery for all damages caused by such contractual breach.

20.     In addition, APO has also been forced to incur legal fees and expenses in connection with enforcing Defendant's obligations to defend and cover APO in the Lawsuit, and in connection with the pursuit of this action for breach of contract and declaratory judgment. Accordingly, APO seeks recovery of those reasonable and necessary attorneys' fees, costs and expenses incurred. Presentment of demand has been made as required by law.

## VI.
### DAMAGES

21.     APO respectfully requests that the following damages be considered for the purposes of determining the sum of money that APO is entitled to recover from Defendant:  (a) the amount of damages, if any, awarded to Hawthorne by the trier of fact against APO in the Lawsuit; (b) APO's court costs, reasonable expenses, and reasonable and necessary attorneys'

fees incurred in defending the allegations brought against it in the Original Petition; (c) APO's court costs, reasonable expenses and reasonable attorneys' fees incurred by APO to enforce its rights to a defense and to prosecute its claims for breach of contract and for declaratory judgment; and (d) APO's actual damages resulting from the conduct of Defendant as described herein.

## VII.
### JURY DEMAND

22.     APO requests a jury trial on all issues triable to a jury.

WHEREFORE, PREMISES CONSIDERED, APO request that Defendant be cited to appear and answer herein, and that upon a final hearing, APO have judgment as follows:

(1)     A declaration that Defendant owes, and has owed since a demand for defense was made, a duty to defend APO in the Lawsuit pursuant to the terms of the Agreement and its promise to defend, which was supported by valid consideration;

(2)     Reasonable and necessary attorneys' fees and other legal expenses incurred in connection with the defense of the Lawsuit, prosecution of the cross-claim in the Lawsuit and the prosecution of this action for declaratory judgment;

(3)     Costs of suit; and

(4)     Such other and further relief to which APO may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation


By:     */s/ Arthur K. Smith*
        Arthur K. Smith
        Texas State Bar No. 18534100

        507 Prestige Circle
        Allen, Texas 75002
        Telephone:  (469) 519-2500
        Facsimile:  (469) 519-2555
        asmith@aksmithlaw.com

ATTORNEY FOR PLAINTIFF
ALLEN PREMIUM OUTLETS, L.P.

Exhibit "A"

Filed: 8/14/2018 2:39 PM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 26749210

CAUSE NO. 429-04077-2018

| | | |
|---|---|---|
| DOLORES HAWTHORNE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALLEN PREMIUM OUTLETS, LP, | § | _____ JUDICIAL DISTRICT |
| ALLEN PREMIUM OUTLETS | § | |
| EXPANSION, LLC and BLUE CHIP 2000 | § | |
| COMMERCIAL CLEANING INC. | § | |
| | § | COLLIN COUNTY, TEXAS |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

Plaintiff Dolores Hawthorne ("PLAINTIFF"), files this petition against Defendant Allen Premium Outlets, L.P., Allen Premium Outlets Expansion, LLC, and Blue Chip 2000 Commercial Cleaning, Inc. ("DEFENDANT") and would respectfully show the Court the following:

### I.

### DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190, PLAINTIFF intends for discovery to be conducted under Level 2.

### II.

### REQUESTS FOR DISCLOSURES

2. Pursuant to Texas Rules of Civil Procedure, DEFENDANTS are requested to disclose, respond, and produce responsive material within 50 days the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### III.

### PARTIES

3. PLAINTIFF, Dolores Hawthorne is an individual resident of Dallas County, Texas.

4.    DEFENDANT, Blue Chip 2000 Commercial Cleaning Inc. is a Delaware corporation doing business as Blue Chip 2000 Commercial Cleaning Inc., which may be served with process at through its registered agent Apolonio Guerra, 9700 East Wend Unit 2 Austin, TX 78753, or wherever he may be found.

5.    DEFENDANT, Allen Premium Outlets Expansion, LLC is a Delaware corporation which may be served with process at through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

6.    DEFENDANT, Allen Premium Outlets, LP is a Texas partnership which may be served with process at through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

7.    PLAINTIFF specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Allen Premium Outlets," or "Blue Chip 2000," or similar names, with regard to the events described in this Petition. PLAINTIFF expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## IV.

## JURISDICTION AND VENUE

8.    Jurisdiction is proper in this court because the amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court. In compliance with the Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

9.    Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code venue is proper in this Court because Collin County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred.

## V.

## FACTS

10.    On September 16, 2016, PLAINTIFF Dolores Hawthorne was shopping at DEFENDANT's establishment in Collin County, Texas and slipped and fell due to DEFENDANT's negligence. Specifically, the following events occurred:

PLAINTIFF, Dolores Hawthorne, was a patron shopping at Allen Premium Outlets on 820 Stacy Rd. in Allen, Texas 75013 (the "Store"). PLAINTIFF entered the restroom and slipped on a solvent substance, landing on her rear end. The hazardous area was not labeled or marked on DEFENDANT'S flooring. DEFENDANT did not have a warning sign up in the immediate area where a crystal white looking solvent was on the floor to keep patrons from slipping and falling. DEFENDANT created the hazardous condition and failed to properly warn of the same.

## VI.

## CLAIMS AND DAMAGES ASSERTED

### Negligence

11.    PLAINTIFF incorporates the preceding paragraphs for all purposes.

12.    PLAINTIFF complains that DEFENDANTS were negligent generally, which negligence was a proximate cause of the occurrence and resulting injuries and damages to PLAINTIFF.

13.    At all times mentioned herein, DEFENDANTS owned or was responsible for the management and safety of the Store.

PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE                    Page 3

14.   At all times mentioned herein, DEFENDANTS had such control over the premises in question that DEFENDANTS owed certain duties to PLAINTIFF as an invitee, the breach of which proximately caused the injuries set forth herein.

15.   PLAINTIFF complains that DEFENDANTS were negligent in one or more of the following respects:

a)   In failing to adequately warn PLAINTIFF of the inherently dangerous and unreasonable risks, that they knew or should have known about, posed by the concealed step-up on the floor;

b)   Failing to use reasonable care while attempting to make the premises safe for others, including PLAINTIFF;

c)   Negligently allowing activities to be conducted when they knew or should have known these activities presented a danger to others, including PLAINTIFF;

d)   Failing to properly inspect, monitor, clean, and remove a dangerous condition;

e)   Failing to prevent customers from misusing their property and equipment;

f)   Negligently  hiring, training, staffing, supervising, and/or  retaining competent employees or contractors that would properly inspect, monitor, clean, and remove a dangerous condition from the floor; and

g)   Voluntarily undertaking an affirmative course of action that created the dangerous condition, and failing to exercise reasonable care that the other person(s), including PLAINTIFF, was not injured.

16.   PLAINTIFF Dolores Hawthorne was not negligent in any way.

17.   PLAINTIFF Dolores Hawthorne has incurred past medical expenses, which is now the subject of this suit.  Bodily injuries were received by PLAINTIFF Dolores Hawthorne, which were of such a nature as to be severe and significant, and will require further medical care and treatment.

18.   It is alleged that there will be additional and future medical expense due to the injuries sustained by PLAINTIFF.

**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE**                    Page 4

19.   <u>Actual Damages for Resulting Personal Injuries</u> – PLAINTIFF Dolores Hawthorne

alleges that the acts of DEFENDANT were the direct and proximate cause of damages

suffered by her for which recovery for actual damages will encompass:

   a.   reasonable and necessary past and future medical expenses;
   b.   past and future physical pain, suffering, and mental anguish;
   c.   disfigurement and scarring;
   d.   permanent physical impairment; and
   e.   loss of quality of life

20.   PLAINTIFF suffered the following injuries:

   a)   Tailbone Contusion;
   b)   Lumbar Strain;
   c)   Right Wrist Sprain;
   v)   Somatic dysfunction of lumbar region

21.   The past medicals for PLAINTIFF totaled approximately $8,000.00, which is

now the subject of this lawsuit.

22.   The claim for damages by PLAINTIFF exceeds the Court's minimum

jurisdictional limits.

## VII.

## REQUEST FOR JURY TRIAL

23.   A jury trial is requested by PLAINTIFF and will pay the appropriate jury fee

required.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests that the Court enter

judgment against DEFENDANTS and grant PLAINTIFF the following relief:

1.   Recovery of all actual damages;

2.   Prejudgment interest as allowed by law;

3.   Postjudgment interest as allowed by law;

4.   All costs of Court; and

5.   Such other and further relief at law or in equity to which PLAINTIFF shows
     herself justly entitled.

Respectfully submitted,

LAW OFFICES OF PATRICK R. KELLY

Patrick R. Kelly
State Bar No. 24046199
patrick@prk-law.com
6116 N. Central Expressway, Suite 1201
Dallas, Texas 75206
Phone: (214) 682-7132
. Fax: (214) 279-0079
*Attorneys for Plaintiff*

Exhibit "B"

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF FILING
## OF

### Allen Premium Outlets, L.P.
12475310

[formerly: CHELSEA ALLEN DEVELOPMENT L.P.]

The undersigned, as Secretary of State of Texas, hereby certifies that a Certificate of Amendment for the above named entity has been received in this office and has been found to conform to the applicable provisions of law.

ACCORDINGLY, the undersigned, as Secretary of State, and by virtue of the authority vested in the secretary by law, hereby issues this certificate evidencing filing effective on the date shown below.

Dated: 01/04/2016

Effective: 01/04/2016



Carlos H. Cascos
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services          16
Prepared by: Lisa Sasin          TID: 10303          Document: 647953380003

**Form 424**

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

**Filing Fee: See instructions**



**Certificate
of Amendment**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 12475310 01/04/2016
Document #: 647953380003
Image Generated Electronically
for Web Filing**

---

**Entity Information**

The filing entity is a: **Domestic Limited Partnership (LP)**

The name of the filing entity is: **CHELSEA ALLEN DEVELOPMENT L.P.**

The file number issued to the filing entity by the secretary of state is: **12475310**

**Amendment to Name**

The amendment changes the formation document of the filing entity to change the article or provision that names the entity. The article or provision is amended to read as follows:

The name of the filing entity is:

**Allen Premium Outlets, L.P.**

A letter of consent, if applicable, is attached.

**Statement of Approval**

The amendment has been approved in the manner required by the Texas Business Organizations Code and by the governing documents of the entity.

**Effectiveness of Filing**

☑ A. This document becomes effective when the document is filed by the secretary of state.

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state. The delayed effective date is:

**Execution**

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and declares under penalty of perjury that the undersigned is authorized under the Texas Business Organizations Code to execute the filing instrument.

Date: **January 4, 2016**

**James M. Barkley, Sec. and GC of SPG Partners GP, LLC, the gen ptr of Premium Outlets Partners, L.P., the sole member of S/C Allen Development, LLC**

Signature of authorized person

**FILING OFFICE COPY**

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Secretary of State

# Office of the Secretary of State

January 04, 2016

Attn: Jaymie McDougal

Jaymie McDougal
225 West Washington Street
Indianapolis, IN 46204 USA

----
RE: Allen Premium Outlets, L.P.
File Number: 12475310

It has been our pleasure to file the Certificate of Amendment for the referenced entity. Enclosed is the certificate evidencing filing. Payment of the filing fee is acknowledged by this letter.

If we may be of further service at any time, please let us know.

Sincerely,

Corporations Section
Business & Public Filings Division
(512) 463-5555

Enclosure

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services     18
Prepared by: Lisa Sasin          TID: 10323          Document: 647953380003

Exhibit "C"



()*+,--./0!1,/2,)
(343!5*6!7"7&8'
9*-!:/0,;,-$!1:!8&&7"<7&8'
=À6>!???<%#?<??@&

ĀÄ !"#$!%&"'

Q4J:9Q!(    3!(C(CJ4!14Ā(  :JR!9   I Q
Ā:STBI!GISBBI
54:SQĀ:J$!J1!%?@U?

1;Ä.A!JDAV,)>!8&7#&#7?&
C/-D),F!JÄA,>!59WB!1LC(!%&&&!14ĀĀBS1C:9!19B:JCJK!CJ1
QÄ2,!*H!9*-->!G,E2,AV,)!'"$!%&"#
(*;.+ !JDAV,)>!?88%&?U
W/F,)M).2./0!1*AEÄ/ >!IO,!J,2O,);Ä/F-!C/-D)Ä/+,!1*AEÄ/

Q,Ä)!Q4J:9Q!(    3!(C(CJ4!14Ā(  :JR!9   I Q>

P , !OÄX,!),+,.X,F! *D)!J/F,)!9,22,)!FÄ2,F!ÄÄ)+O!&'$!%&"'3!PÄX,!),X,,M,F!*D)!H.;,!Ä/F
+*/H.)A,F!2O,!+*AEÄ/ !-O*M/!ÄV*X,!2*!V,!*D)!./-D),P;;!Ä+,E2!2O,!OÄ/F;./0!*H!2O,!2,/F,)
D/2.;!+*/+;D-.*/3

CH!-,22;,A,/2!-!),Ä+O,F!M.2O!2O,!./YD),F!EÄ)2 !M,!M.;;!M)DJ!#H!*)AÄ2.*/!/!2O,!),;,-,3!
+**E !M.;;!V,!-,/2!2!*D)!*D)!H.;,;3!(;,Ä-,!0.X,!!A,!Ä!+Ä200M/ !ZD,-2.*/!-!+*/+,)/-3

ĀÄ !"#$%&'#'()%*+,'"(+-!%,!.!!"%'+/!"0"Ä#Ä+1%-2.3(+Ä!,4
:A,).+Ä/!B+*/*A !C/-D)Ä/+,!1*AEÄ/   $!:A,).+Ä/!=,)!Ä/+Ä-DÄ;2!EÄ/.)=),.)-2!9;* F-!C/-D)Ä/+,!1*AEÄ/ $
:A,).+Ä/!G2Ä2,-!C/-D)Ä/+,!1*AEÄ/   *H!:A,).+Ä/!G.)(F/!C/-D)Ä/+,!1*AEÄ/ !H!:A,,.+ÄÄ:/$!C/-D)Ä/+,!1*AEÄ/
*H!:A,).+Ä/!LÄMN,.<G,+D).2 !C/-D)Ä/+,!1*AEÄ/!!IO,!JO,!FM,-2,)!C/F,A,/2 !!C/-D)Ä/+,!1*AEÄ/
1*AEÄ/ !$!4O.*!G,+D).2 !C/-D)Ä/+,!1*AEÄ!$!(,,);,-!C/-D)Ä/+,!1*AEÄ/ !$!P,-2!:A,).+Ä/!C/-D)Ä/+,!1*AEÄ/
<em>(Not all companies may be licensed to sell in all states.)</em>

20

Q4J:9Q!(    3!(C(CJ4!14Ä(  :JR!9   I Q

ÃÄ !"#$!%&'"

(Ä0,!%


()*X.F./0!O.0O!ZDÄ;.2 !+;Ä.A-!-,)X.+,!.-!.AE*)2Ä/2!2*!,X,) Ä2!9.V,)2 !ÃD2DÄ;!C/-D)Ä/+,3!CH! *D

OÄX,!Ã/ !ZD,-2.*/-$!E;,Ä-,!F*!/*2!O,-.2Ä2,!2*!+*/2Ä+2!A,3


G./+,),;  $





1O).-2*EO,)!PÄ)),/

G)!1;Ä.A-!GE,+.Ä;.-2!C

I , ;>!@#8<%@%<'&'#

=Ä6>!???<%#?<??@&

BAÄ.;>!1LSCG4(LBS3P  :  SSBJ[9.V,)2 ÃD2DÄ;3+*A


11>


\BJ194GWSB!CJ=4SÃ:    IC4J]

ÃÄ !"#$%&'#'()%*+,'"(+-!%.!. !"%'+/!"0"Ã#Ä+1%-2.3(+Ä!,4
:A,).+Ã/!B+*/*A !C/-D)Ä/+,!1*AEÄ/  $!:A,).+Ã/!=,)!Ã/F!1Ã-DÃ;2!*AEÄ/  $!:A,).+Ã!=.)-2!C/-D)Ä/+,!1*AEÄ$!:A,).+Ã!=.)-2!9;* F-!C/-D)Ä/+,!1!*AEÄ/$
:A,).+Ã/!G2Ä2,-!C/-D)Ä/+,!1!*AEÄ$!:A,).+Ã/!G2Ä2,-!C/-D)Ä/+,!1*AEÄ/ !*H!!6Ä-$!=.)-2!JÄ2.*/Ã;!C/-D)Ä/+,!1*AEÄ/ !*H!!A,).+Ã$!JÄ;!C/-D)Ä/+,!1*AEÄ/
*H!:A,).+Ã$!1LÄMN, ,<G,+D).2 !C/-D)Ä/+,!1*AEÄ!!O,!Ã.FM,-2,)/! C/F,A/.2 !1!*AEÄ/ $!!O,!J,2O,);Ã/F-!C/-D)Ä/+,!1*AEÄ/ $!!O,!4O.*!!Ã-DÄ;2 !C/-D)Ä/+,
1*AEÄ/ $!4O.*!!G,+D).2 !C/-D)Ä/+,!1*AEÄ/!$!(,,);,--!C/F,A/.2 !C/-D)Ä/+,!1*AEÄ/ $!P,-2!:A,).+Ã/!C/-D)Ä/+,!1*AEÄ/
(Not all companies may be licensed to sell in all states.)
21

()*+,--./0!1,/2,)
(3!3!5*6!7"7&8'
9*-!:/0,;,-$!1:!8&&7"<7&8'

Q4J:9Q!(    3!(C(CJ4!14Ā(  :JR!9   I Q
Ā:STBI!GISBBI
54:SQĀ:J$!J1!%?@U?

Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 37190950

**CAUSE NO. 429-04536-2019**

| | | |
|---|---|---|
| ALLEN PREMIUM OUTLETS, L.P., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | 429th JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## LIBERTY MUTUAL INSURANCE COMPANY'S
## ORIGINAL ANSWER AND VERIFIED DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Mutual Insurance Company and files this Original Answer and Verified Denial to Plaintiff's Original Petition and Request for Declaratory Judgment and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Liberty denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and Request for Declaratory Judgment and demands strict proof thereof.

### II.
### VERIFIED DENIAL

Pursuant to the provisions of Rule 93 of the Texas Rules of Civil Procedure, Liberty denies that it is a proper party to this lawsuit on the grounds that it did not issue the relevant insurance policy at issue in this case. The insurance policy at issue in this lawsuit was issued by The Netherlands Insurance Company.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Mutual Insurance respectfully prays that upon final hearing hereof, Plaintiff take nothing by reason of this action, that Liberty Mutual Insurance Company be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email:  channa@hannaplaut.com
Eric S. Peabody
State Bar No. 00789539
Email:  epeabody@hannaplaut.com
Lauren L. Burgess
State Bar No. 24082751
Email:  lburgess@hannaplaut.com

**ATTORNEYS FOR DEFENDANT
LIBERTY MUTUAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered via e-service this 27th day of September, 2019 to:

Arthur K. Smith
Law Offices of Arthur K. Smith
507 Prestige Circle
Allen, Texas 75002
*Attorneys for Plaintiff*

_____
Lauren L. Burgess

## **VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority in and for the State of Texas, on this day personally appeared Lauren L. Burgess known to me to be the same person whose name is subscribed hereto, who being first duly sworn in the manner provided by law on oath stated that she is duly qualified to make this affidavit on behalf of Liberty Mutual Insurance Company, Defendant in the above entitled and numbered cause, that she has read Paragraph II of Liberty Mutual Insurance Company's Original Answer and Verified Denial and the matters stated therein are within her personal knowledge and are true and correct.

_____
Lauren L. Burgess

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 29 day of September, 2019 to certify which witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

ALICE L. MORGAN
NOTARY PUBLIC - STATE OF TEXAS
NOTARY ID# 12604762-3
My Comm. Exp. January 12, 2020



Filed: 9/27/2019 3:08 PM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 37210955

# Lynne Finley, District Clerk

## REQUEST FOR ISSUANCE

❖ This document **MUST** be filed as a separate **LEAD** document when e-filing.

❖ Select the type of issuance using the "Optional Services" section on the e-filing screen.

Date: 9/27/2019

Requested by: Arthur K. Smith

Cause No. 429-04536-2019

Phone No. 469-519-2500

Return to: Arthur K. Smith    asmith@aksmithlaw.com

(Name and e-mail address)

### Please select the type and quantity of issuance(s) needed:

| Type | Amt | Quantity | Type | Amt | Quantity |
|------|-----|----------|------|-----|----------|
| Abstract of Judgment | $8 | | Constable Service Fee #3 | $175 | |
| Capias | $8 | | Constable Service Fee #4 | $75 | |
| Citation | $8 | 1 | Constable Service Fee #4 | $175 | |
| Citation by Certified Mail | $83 | | Ex Parte Protective Order | $8 | |
| Citation by Posting | $83 | | Letter Rogatory | $8 | |
| Citation by Publication | $83 | | Notice | $8 | |
| Citation for Expedited Foreclosure | $91 | | Order of Sale | $8 | |
| Citation to Secretary of State | $12 | | Precept | $8 | |
| Constable Service Fee #1 | $75 | | Scire Facias | $8 | |
| Constable Service Fee #1 | $175 | | Subpoena | $8 | |
| Constable Service Fee #2 | $75 | | TRO/Temporary Injunction | $8 | |
| Constable Service Fee #2 | $175 | | Writs | $8 | |
| Constable Service Fee #3 | $75 | | | | |

Name of party to be served: The Netherlands Insurance Company   Type: Citation

Address for service: by serving through its Designated  Agent,

Corporation Service Company, 211 East 7th Street, Suite 620,

Austin, Texas  78701-3218

Name of party to be served: _____   Type: _____

Address for service: _____

_Please attach additional pages if there are more parties to be served._

Updated 5/13/16

Electronically Served
3/30/2019 13:18 AM

RECEIVED

NOV 1 3 2~~

@ 11:00 AM

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-04536-2019

Allen Premium Outlets, LP vs. Liberty Mutual
Insurance Company

In the 429th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be taken against
you."

TO: The Netherlands Insurance Company
By Serving through its Designated Agent, Corporation Service Company
211 East 7th Street Suite 620
Austin TX  78701-3218, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **First Amended Petition and
Request for Declaratory Judgment** at or before ten o'clock A.M. on the Monday next after the expiration of
twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County,
Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Arthur K Smith  Law Offices of Arthur K Smith  a
Professional Corporation  507 Prestige Circle  Allen TX 75002 (Attorney for Plaintiff or Plaintiffs), on  August
16, 2019, in this case, numbered 429-04536-2019 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **First Amended Petition and
Request for Declaratory Judgment** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 30th day of September,
2019.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____Migdalia Mart_____, Deputy
Migdalia Martinez

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any
questions you have should be directed to an attorney.**

DELIVERED:
ON: __1[_1_12_|_9__
BY:_____
@: __J.cs__ am pm

Filed: 9/27/2019 5:08 PM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 37210955

CAUSE NO. 429-04536-2019

| | | |
|---|---|---|
| ALLEN PREMIUM OUTLETS, L.P., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | 429th JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and THE NETHERLANDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## FIRST AMENDED PETITION AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE:

COMES NOW Allen Premium Outlets, L.P., ("APO"), and files this *Original Petition and Request for Declaratory Judgment* pursuant to the Texas Declaratory Judgment Act, complaining of Liberty Mutual Insurance Company and The Netherlands Insurance Company ("Defendants"). In support thereof, APO would respectfully show the following:

### I.
### PARTIES

1. Plaintiff Allen Premium Outlets, L.P. is duly organized under the laws of the State of Texas, and has its principal place of business in the State of Texas.

2. Defendant Liberty Mutual Insurance Company is incorporated and duly organized under the laws of the State of Massachusetts, and has its principal place of business in the State of Massachusetts. Defendant is licensed to and, upon information and belief, does business in the State of Texas. Pursuant to the Texas Insurance Code, Defendant may be served with process by and through its designated agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3.      Defendant The Netherlands Insurance Company is incorporated and duly organized under the laws of the State of New Hampshire and has its principal place of business in the State of Massachusetts. Defendant is licensed to and, upon information and belief, does business in the State of Texas. Pursuant to the Texas Insurance Code, Defendant may be served with process by and through its designated agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
### JURISDICTION AND VENUE

4.      The damages in this case are in excess of the minimum jurisdictional limits of this Court.

5.      APO seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.      Venue is proper in Collin County, Texas because all or a substantial part of the acts and/or omissions giving rise to APO's claims occurred in Collin County.

## III.
### DISCOVERY CONTROL PLAN

6.      APO intends to conduct discovery under Level 3 of the Texas Rule of Civil Procedure.

## IV.
### FACTS

7.      This action for breach of contract and declaratory judgment arises out of a dispute between APO and Defendants regarding Defendants' failure to honor their obligation to defend and provide coverage to APO for claims asserted against it in the lawsuit styled *Dolores Hawthorne v. Allen Premium Outlets, LP and Blue Chip 2000 Commercial Cleaning Inc.*; Cause No. 429-04077-

2018; in the 429th Judicial District Court, Collin County, Texas (the "Lawsuit"). A true and correct copy of Dolores Hawthorne's Original Petition ("Original Petition") is attached as Exhibit "A."

8.      In her Original Petition, Dolores Hawthorne ("Hawthorne") alleges that she was a patron shopping at the Allen Premium Outlets located at 820 West Stacy Road, Allen, Texas 75013 on September 16, 2016, when she entered the restroom and slipped and fell on a solvent substance, landing on her rear end. *See* Original Petition, Exhibit "A", at p. 3 ¶10.

9.      Hawthorne further alleges that the allegedly hazardous area was not labeled or marked and there were no warning signs up in the immediate area where a "crystal white looking solvent" was on the floor. *Id.*

10.      In her Original Petition, Hawthorne seeks to establish liability on the part of Blue Chip 2000 Commercial Cleaning Inc. ("Blue Chip") for creating a hazardous condition on the APO premises and failing to properly warn of the same. *Id.*

11.      Hawthorne therefore specifically asserts claims against APO that arise out of a condition created by Blue Chip, and arise out of injuries to Hawthorne allegedly caused by Blue Chip's performance or alleged failure to perform janitorial services.

12.      Blue Chip and APO entered into a Service Agreement for Janitorial Services on July 1, 2014 wherein Blue Chip undertook to provide all janitorial and related services on the APO premises (the "Agreement")[1]. The Agreement Ending Date was contracted to be June 30, 2017, after Hawthorne's alleged incident allegedly occurred.

13.      Pursuant to the terms and conditions of the Agreement, Blue Chip agreed, among other things, to indemnify and hold harmless APO for any claims arising from Blue Chip's performance or alleged failure to perform services under the Agreement.

---

[1] The original agreement identifies the Owner of the premises as Chelsea Allen Development, L.P.  Chelsea Allen Development, L.P. formally amended its name to Allen Premium Outlets, L.P. on January 4, 2016.  *See* Certificate of Amendment filed with the Texas Secretary of State on January 4, 2016, attached as **Exhibit B**.

14.     The Agreement further required Blue Chip to name APO as an additional insured under its insurance policy and, on information and belief, Blue Chip carries a commercial general liability policy with Defendants, pursuant to which APO qualifies as an "additional insured," as an "Owner Party," that is an additional insured "with respect to liability arising out of Contractor's [Blue Chip's] ongoing and completed operations" thus affording APO all of the privileges and legal remedies available to Blue Chip under the policy, pursuant to the Agreement.

15.     As an additional insured under the insurance policy, APO is entitled to coverage with respect to claims and allegations that arise out of obligations by Blue Chip to APO pursuant to the terms and conditions of the Agreement.

16.     On March 7, 2017, APO made written demand upon Blue Chip to provide APO with a defense and indemnity against Hawthorne's claims prior to the filing of the Lawsuit pursuant to the indemnity provision of the Agreement.  On May 16, 2017, Defendant Liberty Mutual's Sr. Claims Specialist, Christopher Warren, replied and stated he had reviewed the file and confirmed Blue Chip was an insured and "[w]e will accept the handling of the tender until conclusion."  A copy of this letter is attached as Exhibit "C."

17.     Subsequent to this tender acceptance, Hawthorne filed suit against Blue Chip and APO.  APO reached out to Defendant Liberty Mutual on numerous occasions regarding the Lawsuit, seeking direction from Defendant Liberty Mutual with regard to their accepting tender, to no avail.  On September 4, 2018, APO again sent a tender letter to Blue Chip, copying Mr. Warren, and received no response.  With APO's answer deadline in the Lawsuit quickly approaching and still no guidance from Defendant, APO hired the undersigned counsel to represent APO in the Lawsuit until Defendant Liberty Mutual fulfilled its tender obligations.

The undersigned, on APO's behalf, again continued to make written demand to Defendant Liberty Mutual to honor and perform its duty to defend and provide liability coverage to APO in connection with the claims asserted against it by Hawthorne in the Lawsuit. Defendant Liberty Mutual has failed to accept and honor its obligations to defend and cover APO in connection with the Lawsuit.

18.     In its Answer to the Original Petition in this matter, Defendant Liberty Mutual disclosed that its subsidiary, The Netherlands Insurance Company, actually issued the insurance policy to Blue Chip that APO is an additional insured on.  Therefore, The Netherlands Insurance Company has a duty to defend and provide liability coverage to APO in connection with the claims asserted against it by Hawthorne in the Lawsuit. Defendant The Netherlands Insurance Company has failed to accept and honor its obligations to defend and cover APO in connection with the Lawsuit.

19.     All conditions precedent to bringing this breach of contract and declaratory judgment action have been satisfied.

## V.
### CLAIMS FOR RELIEF

20.     Defendants have breached their obligation to provide coverage and a defense to APO in the Lawsuit. Accordingly, APO seeks all damages caused thereby which are recoverable by law, as well as a declaration that Defendants have owed, and continue to owe, a duty to defend APO in the Lawsuit pursuant to the terms and conditions of the commercial general liability insurance policy, including endorsements, under which APO is designated as an additional insured. As a result of Defendants' breach of contract, APO has had to retain legal counsel for defense in the Lawsuit, and has incurred necessary attorneys' fees and costs in

connection with that defense. Accordingly, APO seeks recovery for all damages caused by such contractual breach.

21.     In addition, APO has also been forced to incur legal fees and expenses in connection with enforcing Defendants' obligations to defend and cover APO in the Lawsuit, and in connection with the pursuit of this action for breach of contract and declaratory judgment. Accordingly, APO seeks recovery of those reasonable and necessary attorneys' fees, costs and expenses incurred. Presentment of demand has been made as required by law.

## VI.
## DAMAGES

21.     APO respectfully requests that the following damages be considered for the purposes of determining the sum of money that APO is entitled to recover from Defendants:  (a) the amount of damages, if any, awarded to Hawthorne by the trier of fact against APO in the Lawsuit; (b) APO's court costs, reasonable expenses, and reasonable and necessary attorneys' fees incurred in defending the allegations brought against it in the Original Petition; (c) APO's court costs, reasonable expenses and reasonable attorneys' fees incurred by APO to enforce its rights to a defense and to prosecute its claims for breach of contract and for declaratory judgment; and (d) APO's actual damages resulting from the conduct of Defendants as described herein.

## VII.
## JURY DEMAND

22.     APO requests a jury trial on all issues triable to a jury.

WHEREFORE, PREMISES CONSIDERED, Allen Premium Outlets, L.P. requests that Defendants be cited to appear and answer herein, and that upon a final hearing, APO have judgment as follows:

(1)     A declaration that Defendants owe, and have owed since a demand for defense was made, a duty to defend APO in the Lawsuit pursuant to the terms of the Agreement and its promise to defend, which was supported by valid consideration;

(2)     Reasonable and necessary attorneys' fees and other legal expenses incurred in connection with the defense of the Lawsuit, prosecution of the cross-claim in the Lawsuit and the prosecution of this action for declaratory judgment;

(3)     Costs of suit; and

(4)     Such other and further relief to which APO may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

By:_____ /s/ Arthur K. Smith_____
         Arthur K. Smith
         Texas State Bar No. 18534100

         507 Prestige Circle
         Allen, Texas 75002
         Telephone:  (469) 519-2500
         Facsimile:  (469) 519-2555
         asmith@aksmithlaw.com

ATTORNEY FOR PLAINTIFF
ALLEN PREMIUM OUTLETS, L.P.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of September, 2019, a copy of the

foregoing pleading was forwarded via facsimile and/or electronic service to all counsel of record.

         _____ /s/  Arthur K. Smith_____
         Arthur K. Smith

Exhibit "A"

Filed: 8/14/2018 2:39 PM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 26749210

CAUSE NO. 429-04077-2018

| | | |
|---|---|---|
| DOLORES HAWTHORNE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALLEN PREMIUM OUTLETS, LP, | § | _____ JUDICIAL DISTRICT |
| ALLEN PREMIUM OUTLETS | § | |
| EXPANSION, LLC and BLUE CHIP 2000 | § | |
| COMMERCIAL CLEANING INC. | § | |
| | § | COLLIN COUNTY, TEXAS |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

Plaintiff Dolores Hawthorne ("PLAINTIFF"), files this petition against Defendant Allen Premium Outlets, L.P., Allen Premium Outlets Expansion, LLC, and Blue Chip 2000 Commercial Cleaning, Inc. ("DEFENDANT") and would respectfully show the Court the following:

### I.

### DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190, PLAINTIFF intends for discovery to be conducted under Level 2.

### II.

### REQUESTS FOR DISCLOSURES

2. Pursuant to Texas Rules of Civil Procedure, DEFENDANTS are requested to disclose, respond, and produce responsive material within 50 days the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### III.

### PARTIES

3. PLAINTIFF, Dolores Hawthorne is an individual resident of Dallas County, Texas.

4.    DEFENDANT, Blue Chip 2000 Commercial Cleaning Inc. is a Delaware corporation doing business as Blue Chip 2000 Commercial Cleaning Inc., which may be served with process at through its registered agent Apolonio Guerra, 9700 East Wend Unit 2 Austin, TX 78753, or wherever he may be found.

5.    DEFENDANT, Allen Premium Outlets Expansion, LLC is a Delaware corporation which may be served with process at through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

6.    DEFENDANT, Allen Premium Outlets, LP is a Texas partnership which may be served with process at through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.

7.    PLAINTIFF specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Allen Premium Outlets," or "Blue Chip 2000," or similar names, with regard to the events described in this Petition. PLAINTIFF expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## IV.

### JURISDICTION AND VENUE

8.    Jurisdiction is proper in this court because the amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court. In compliance with the Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

9.    Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code venue is proper in this Court because Collin County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred.

## V.

## FACTS

10.    On September 16, 2016, PLAINTIFF Dolores Hawthorne was shopping at DEFENDANT's establishment in Collin County, Texas and slipped and fell due to DEFENDANT's negligence. Specifically, the following events occurred:

PLAINTIFF, Dolores Hawthorne, was a patron shopping at Allen Premium Outlets on 820 Stacy Rd. in Allen, Texas 75013 (the "Store"). PLAINTIFF entered the restroom and slipped on a solvent substance, landing on her rear end. The hazardous area was not labeled or marked on DEFENDANT'S flooring. DEFENDANT did not have a warning sign up in the immediate area where a crystal white looking solvent was on the floor to keep patrons from slipping and falling. DEFENDANT created the hazardous condition and failed to properly warn of the same.

## VI.

## CLAIMS AND DAMAGES ASSERTED

### Negligence

11.    PLAINTIFF incorporates the preceding paragraphs for all purposes.

12.    PLAINTIFF complains that DEFENDANTS were negligent generally, which negligence was a proximate cause of the occurrence and resulting injuries and damages to PLAINTIFF.

13.    At all times mentioned herein, DEFENDANTS owned or was responsible for the management and safety of the Store.

PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE                    Page 3

14.   At all times mentioned herein, DEFENDANTS had such control over the premises in question that DEFENDANTS owed certain duties to PLAINTIFF as an invitee, the breach of which proximately caused the injuries set forth herein.

15.   PLAINTIFF complains that DEFENDANTS were negligent in one or more of the following respects:

a)   In failing to adequately warn PLAINTIFF of the inherently dangerous and unreasonable risks, that they knew or should have known about, posed by the concealed step-up on the floor;

b)   Failing to use reasonable care while attempting to make the premises safe for others, including PLAINTIFF;

c)   Negligently allowing activities to be conducted when they knew or should have known these activities presented a danger to others, including PLAINTIFF;

d)   Failing to properly inspect, monitor, clean, and remove a dangerous condition;

e)   Failing to prevent customers from misusing their property and equipment;

f)   Negligently  hiring, training, staffing, supervising, and/or retaining competent employees or contractors that would properly inspect, monitor, clean, and remove a dangerous condition from the floor; and

g)   Voluntarily undertaking an affirmative course of action that created the dangerous condition, and failing to exercise reasonable care that the other person(s), including PLAINTIFF, was not injured.

16.   PLAINTIFF Dolores Hawthorne was not negligent in any way.

17.   PLAINTIFF Dolores Hawthorne has incurred past medical expenses, which is now the subject of this suit. Bodily injuries were received by PLAINTIFF Dolores Hawthorne, which were of such a nature as to be severe and significant, and will require further medical care and treatment.

18.   It is alleged that there will be additional and future medical expense due to the injuries sustained by PLAINTIFF.

19.   Actual Damages for Resulting Personal Injuries – PLAINTIFF Dolores Hawthorne

alleges that the acts of DEFENDANT were the direct and proximate cause of damages

suffered by her for which recovery for actual damages will encompass:

        a.    reasonable and necessary past and future medical expenses;
        b.    past and future physical pain, suffering, and mental anguish;
        c.    disfigurement and scarring;
        d.    permanent physical impairment; and
        e.    loss of quality of life

20.   PLAINTIFF suffered the following injuries:

        a)    Tailbone Contusion;
        b)    Lumbar Strain;
        c)    Right Wrist Sprain;
        v)    Somatic dysfunction of lumbar region

21.   The past medicals for PLAINTIFF totaled approximately $8,000.00, which is

now the subject of this lawsuit.

22.   The claim for damages by PLAINTIFF exceeds the Court's minimum

jurisdictional limits.

## VII.

## REQUEST FOR JURY TRIAL

23.   A jury trial is requested by PLAINTIFF and will pay the appropriate jury fee

required.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests that the Court enter

judgment against DEFENDANTS and grant PLAINTIFF the following relief:

    1.    Recovery of all actual damages;

    2.    Prejudgment interest as allowed by law;

    3.    Postjudgment interest as allowed by law;

    4.    All costs of Court; and

5.     Such other and further relief at law or in equity to which PLAINTIFF shows
        herself justly entitled.


                                        Respectfully submitted,

                                        LAW OFFICES OF PATRICK R. KELLY



                                        _____
                                        Patrick R. Kelly
                                        State Bar No. 24046199
                                        patrick@prk-law.com
                                        6116 N. Central Expressway, Suite 1201
                                        Dallas, Texas 75206
                                        Phone: (214) 682-7132
                                        Fax: (214) 279-0079
                                        *Attorneys for Plaintiff*

Exhibit "B"

· Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Carlos H. Cascos
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF FILING
## OF

### Allen Premium Outlets, L.P.
12475310

[formerly: CHELSEA ALLEN DEVELOPMENT L.P.]

The undersigned, as Secretary of State of Texas, hereby certifies that a Certificate of Amendment for the above named entity has been received in this office and has been found to conform to the applicable provisions of law.

ACCORDINGLY, the undersigned, as Secretary of State, and by virtue of the authority vested in the secretary by law, hereby issues this certificate evidencing filing effective on the date shown below.

Dated: 01/04/2016

Effective: 01/04/2016



Carlos H. Cascos
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services   17
Prepared by: Lisa Sasin        TID: 10303                   Document: 647953380003

| Form 424 | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>**Filing Fee: See instructions** | <br><br>**Certificate<br>of Amendment** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 12475310 01/04/2016<br>Document #: 647953380003<br>Image Generated Electronically<br>for Web Filing** |

## Entity Information

The filing entity is a: **Domestic Limited Partnership (LP)**

The name of the filing entity is:  **CHELSEA ALLEN DEVELOPMENT L.P.**

The file number issued to the filing entity by the secretary of state is: **12475310**

## Amendment to Name

The amendment changes the formation document of the filing entity to change the article or provision that names the entity. The article or provision is amended to read as follows:

The name of the filing entity is:

## Allen Premium Outlets, L.P.

A letter of consent, if applicable, is attached.

## Statement of Approval

The amendment has been approved in the manner required by the Texas Business Organizations Code and by the governing documents of the entity.

## Effectiveness of Filing

☑ A. This document becomes effective when the document is filed by the secretary of state.

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state. The delayed effective date is:

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and declares under penalty of perjury that the undersigned is authorized under the Texas Business Organizations Code to execute the filing instrument.

| Date: **January 4, 2016** | **James M. Barkley, Sec. and GC of SPG Partners GP, LLC, the gen ptr of Premium Outlets Partners, L.P., the sole member of S/C Allen Development, LLC**<br><br>Signature of authorized person |
|---|---|

FILING OFFICE COPY

18

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Carlos H. Cascos
Secretary of State

# Office of the Secretary of State

January 04, 2016

Attn: Jaymie McDougal

Jaymie  McDougal
225 West Washington Street
Indianapolis, IN 46204 USA

----

RE: Allen Premium Outlets, L.P.
File Number: 12475310

It has been our pleasure to file the Certificate of Amendment for the referenced entity.  Enclosed is the
certificate evidencing filing.  Payment of the filing fee is acknowledged by this letter.

If we may be of further service at any time, please let us know.

Sincerely,

Corporations Section
Business & Public Filings Division
(512) 463-5555

Enclosure

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555
Prepared by: Lisa Sasin

Fax: (512) 463-5709
TID: 10323

Dial: 7-1-1 for Relay Services   19
Document: 647953380003

Exhibit "C"



Processing Center
P.O. Box 515097
Los Angeles, CA 90051-5097
Fax: 888-268-8840

May 16, 2017

DONALD P. PIPINO COMPANY LTD
MARKET STREET
BOARDMAN, NC 28438

Claim Number: 905606580
Insured Name: BLUE CHIP 2000 COMMERCIAL CLEANING INC
Date of Loss: September 17, 2016
Policy Number: 8992083
Underwriting Company: The Netherlands Insurance Company

Dear DONALD P. PIPINO COMPANY LTD:

We have received your Tender Letter dated March 07, 2017. We have reviewed our file and confirmed the company shown above to be our insured. We will accept the handling of the tender until conclusion.

If settlement is reached with the injured party we will place your information on the release. A copy will be sent to you for your file. Please give me a call with any questions or concerns.

**Liberty Mutual Insurance member underwriting companies:**

American Economy Insurance Company, American Fire and Casualty Company, America First Insurance Company, America First Lloyds Insurance Company, American States Insurance Company, American States Insurance Company of Texas, First National Insurance Company of America, General Insurance Company of America, Hawkeye-Security Insurance Company, The Midwestern Indemnity Company, The Netherlands Insurance Company, The Ohio Casualty Insurance Company, Ohio Security Insurance Company, Peerless Indemnity Insurance Company, Peerless Insurance Company, West American Insurance Company

*(Not all companies may be licensed to sell in all states.)*

DONALD P. PIPINO COMPANY LTD
May 16, 2017
Page 2

Providing high quality claims service is important to everyone at Liberty Mutual Insurance. If you have any questions, please do not hesitate to contact me.

Sincerely,

Christopher Warren

Christopher Warren
Sr Claims Specialist I
Tel: 469-242-7076
Fax: 888-268-8840
Email: CHRISTOPHER.WARREN@LibertyMutual.com

CC:

[ENCLOSURE INFORMATION]

**Liberty Mutual Insurance member underwriting companies:**
American Economy Insurance Company, American Fire and Casualty Company, America First Insurance Company, America First Lloyds Insurance Company, American States Insurance Company, American States Insurance Company of Texas, First National Insurance Company of America, General Insurance Company of America, Hawkeye-Security Insurance Company, The Midwestern Indemnity Company, The Netherlands Insurance Company, The Ohio Casualty Insurance Company, Ohio Security Insurance Company, Peerless Indemnity Insurance Company, Peerless Insurance Company, West American Insurance Company
*(Not all companies may be licensed to sell in all states.)*

22

Processing Center
P.O. Box 515097
Los Angeles, CA 90051-5097

DONALD P. PIPINO COMPANY LTD
MARKET STREET
BOARDMAN, NC 28438

DONALD P. PIPINO COMPANY LTD
MARKET STREET
BOARDMAN, NC 28438

Processing Center
P.O. Box 515097
Los Angeles, CA 90051-5097

23

CAUSE NO. 429-04536-2019

| | | |
|---|---|---|
| ALLEN PREMIUM OUTLETS, L.P., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 429th JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and THE NETHERLANDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## MOTION TO NON-SUIT AND DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

TO THE HONORABLE JUDGE:

COMES NOW Plaintiff, Allen Premium Outlets, L.P. ("APO") and moves this Court to dismiss all claims against Liberty Mutual Insurance Company ("Liberty Mutual") without prejudice to re-filing of the same.

WHEREFORE, PREMISES CONSIDERED, APO requests that this Court enter an Order dismissing all claims against Liberty Mutual without prejudice to the right of APO to re-file same or any part thereof.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
a Professional Corporation


By:____/s/  Arthur K. Smith_____
          Arthur K. Smith
          State Bar No. 18534100

          507 Prestige Circle
          Allen, Texas 75002
          Telephone:  (469) 519-2500
          Facsimile:  (469) 519-2555
          asmith@aksmithlaw.com

ATTORNEYS FOR PLAINTIFF
ALLEN PREMIUM OUTLETS, L.P.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of October, 2019, a copy of the foregoing pleading was forwarded via electronic service to all counsel of record.


          ___/s/  Arthur K. Smith_____
          Arthur K. Smith

Filed: 10/1/2019 11:31 AM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 37273065

CAUSE NO. 429-04536-2019

| | | |
|---|---|---|
| ALLEN PREMIUM OUTLETS, L.P., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 429th JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and THE NETHERLANDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Came on to be heard the causes of action asserted in the above-entitled and numbered cause by Plaintiff Allen Premium Outlets, L.P. ("Plaintiff"), and came the Plaintiff, and announced to the Court its desire to dismiss all claims asserted by Plaintiff against Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), without prejudice, and to tax all costs of suit attributable to these claims against the party incurring same, and the Court is of the opinion that it should be granted. It is therefore,

ORDERED, ADJUDGED AND DECREED that all causes of action asserted by Plaintiff Allen Premium Outlets, L.P. against Defendant Liberty Mutual, and hereby are, **DISMISSED** without prejudice to the refiling of same in any form or in any court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of court be taxed against the party incurring same.

SIGNED this _____ day of _____10/2/2019_____, 2019.

_____
JUDGE PRESIDING



**Jill Willis, Judge Presiding**
**429th District Court**
**COLLIN COUNTY, MCKINNEY TEXAS**

LIBERTY MUTUAL INSURANCE COMPANY
DESIGNATED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX  78701-3218

| Date: | November 14, 2019 |
|---|---|
| RE: | Cause No. 429-04536-2019 |
| | Allen Premium Outlets, LP vs. Liberty Mutual Insurance Company |

The above styled case has been set for:

**Date**      December 17, 2019

**Time**      8:25 AM

**Event**     Dismissal For Want Of Prosecution

**Court**     429th Judicial District Court

This case will be dismissed for want of prosecution unless you do one of the following 24 hours prior to 12/17/2019.

    1. Dispose of your case;

    2. File a scheduling order.  To obtain a scheduling order and a list of trial dates, email Lori Peairs (lpeairs@co.collin.tx.us) a written request for final trial setting at **least 10 days prior to the dismissal setting**.  A scheduling order is required before the dismissal hearing can be removed.

## Do not call the Court regarding your dismissal setting. DO NOT APPEAR ON THIS DATE. You must complete one of the above actions.

If you wish to prove up your case, you may appear any work day, proceed to the court and make contact with the bailiff.  Prove-ups are heard at 9:00 a.m.

All settings are subject to the priorities set forth in Texas Government Code Section 23.101.

*Sincerely,*

Pedro Estrada, Bailiff/Coordinator

neopost℠
11/15/2019
US POSTAGE $000.45⁹

FIRST-CLASS MAIL
PRSR

ZIP 75071
041M12250877



429ᵗʰ Judicial District Court
2100 Bloomdale Road, Suite 10014
McKinney, Texas 75071

Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 39036073

**CAUSE NO. 429-04536-2019**

| | | |
|---|---|---|
| ALLEN PREMIUM OUTLETS, L.P., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | 429th JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and THE NETHERLANDS | § | |
| INSURANCE COMPANY, | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

### THE NETHERLANDS INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant The Netherlands Insurance Company and files this Original Answer to Plaintiff's First Amended Petition and Request for Declaratory Judgment and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, The Netherlands Insurance Company denies each and every, all and singular, the allegations set forth in Plaintiff's First Amended Petition and Request for Declaratory Judgment and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant The Netherlands Insurance Company respectfully prays that upon final hearing hereof, Plaintiff take nothing by reason of this action, that The Netherlands Insurance Company be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: */s/ Catherine L. Hanna*
          Catherine L. Hanna
          State Bar No. 08918280
          Email:  channa@hannaplaut.com
          Eric S. Peabody
          State Bar No. 00789539
          Email:  epeabody@hannaplaut.com
          Lauren L. Burgess
          State Bar No. 24082751
          Email: lburgess@hannaplaut.com

**ATTORNEYS FOR DEFENDANT
LIBERTY MUTUAL INSURANCE COMPANY
AND THE NETHERLANDS INSURANCE
COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered via e-service this 6th day of December, 2019 to:

Arthur K. Smith
Law Offices of Arthur K. Smith
507 Prestige Circle
Allen, Texas 75002
*Attorneys for Plaintiff*

          : */s/ Catherine L. Hanna*
          Catherine L. Hanna

Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy

CAUSE NO. 429-04536-2019

| | |
|---|---|
| ALLEN PREMIUM OUTLETS, L.P.,<br>Plaintiff, | § | IN THE DISTRICT COURT |

ALLEN PREMIUM OUTLETS, L.P.,     §     IN THE DISTRICT COURT
    Plaintiff,     §     Envelope ID: 39177046
    § 

v.     §     429TH JUDICIAL DISTRICT
    § 

THE NETHERLANDS INSURANCE     § 
COMPANY,     §     COLLIN COUNTY, TEXAS
    Defendant.     § 

## DISCOVERY CONTROL PLAN AND SCHEDULING ORDER
### (Level 3– Civil)

In accordance with Rules 166, 190, and 191 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

| | |
|---|---|
| Date: November 9, 2020<br><br>Time: **9:00 a.m.** | **TRIAL SETTING**: _____ Bench __X__ Jury<br>The trial of this cause is set for this date ("**Initial Trial Setting**").<br>**Reset or continuance of the Initial Trial Setting will not alter any deadline established by this Order or established by the Texas Rules of Civil Procedure, unless specifically provided by Rule 11 of the parties or Court order after motion showing good cause.**<br><br>**Time required for Trial**: Each side needs __6__ hours per side. (No more than 6 hours per side on jury trials and 2.5 hours per side on bench trials unless good cause shown.) |
| Date: October 29, 2020<br><br>Time: **1:30 p.m.** | **FORMAL PRE-TRIAL CONFERENCE (Jury Trials only.)** A pre-trial conference shall be held on this date. Parties are encouraged to meet and confer prior to this date to determine agreed exhibits, deposition designations, and motions in limine.<br>Each party is directed to produce the following at the pre-trial conference:<br>   1) Proposed jury charges (instructions, definitions, and questions) emailed in editable Word format to the Court Coordinator.<br>   2) Completed witness lists and exhibit lists.<br>   3) All exhibits must be pre-marked for identification (for the purpose of stipulating to the authenticity and admissibility of exhibits).<br>   4) Designation of deposition testimony to be offered in direct examination. |
| 8 months after case filed | **JOINDER OF PARTIES.** No additional parties may be joined after this date except on motion for leave showing good cause. This paragraph does not alter the requirements of Texas Rule of Civil Procedure 38.<br>**NOTE: The party joining an additional party must serve a copy of this Order on the new party concurrently with the pleading joining the new party.** |
| 9 months after case filed | **ARBITRATION.** All motions to compel arbitration must be filed and heard by this date. |
| 150 days before the Initial Trial Setting | **AMENDED PLEADINGS.** Parties shall file with the Court and serve all other parties with any amended pleadings asserting new causes of action or defenses by this date. No additional theories or allegations shall be pled after this date without prior leave of court based upon a showing of good cause or by written agreement of the parties pursuant to a Rule 11 agreement.<br>**Responses to such Amended Pleadings,** including any and all affirmative defenses and/or special exceptions may be filed within two (2) weeks after this deadline. No additional affirmative defenses, inferential rebuttal defenses, or any other defensive theories shall be |

| | pled after this date without prior leave of court based upon a showing of good cause or by written Rule 11 agreement of the parties. |
|---|---|
| 110 days before Initial Trial Setting | **FACT DISCOVERY CLOSES.** Fact witness depositions are to be completed by this date. Also, no written discovery may be propounded which requires an answer after this date. Any motion to compel responses to written discovery requests must be filed no later than fourteen (14) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6. |
| 120 days before Initial Trial Setting | **EXPERT DESIGNATIONS OF PARTY SEEKING AFFIRMATIVE RELIEF.** Parties seeking affirmative relief shall serve his/her/its designation of experts and provide written reports of such experts. Reports shall not be required of any non-retained experts unless the non-retained expert has opinions which have not reasonably been disclosed in his/her business records, in response to Request for Disclosure, or in deposition testimony. |
| 90 days before Initial Trial Setting | **EXPERT DESIGNATIONS OF PARTY OPPOSING AFFIRMATIVE RELIEF.** Parties opposing affirmative relief shall serve his/her/its designation of experts and provide written reports of such experts. Reports shall not be required of any non-retained experts unless the non-retained expert has opinions which have not reasonably been disclosed in his/her business records, in response to Request for Disclosure, or in deposition testimony. |
| 75 days before Initial Trial Setting | **DESIGNATION OF REBUTTAL EXPERTS.** Parties seeking affirmative relief shall serve his/her/its designation of rebuttal experts and provide written reports of such experts. Reports shall not be required of any non-retained experts unless the non-retained expert has opinions which have not reasonably been disclosed in his/her business records, in response to Request for Disclosure, or in deposition testimony. |
| 45 days before Initial Trial Setting | **EXPERT DISCOVERY CLOSES.** The parties are required to complete oral depositions of expert witnesses by this date. |
| 30 days before Initial Trial Setting | **MEDIATION REQUIRED.** The parties and their attorney, along with any third party having full and final settlement authority on the case, shall participate in and attend mediation of the case on or before this date. Third parties with full and final settlement authority (not a party to the lawsuit) may attend by phone if agreed to by all parties in a Rule 11 Agreement. Unless otherwise ordered by the Court, **the parties shall select a mediator by agreement.** The agreed mediator in this case is: _____ Phone/Email: _____ **Parties who fail to mediate are limited to 4 hours per side on jury trials and 1 hour per side on bench trials.** |
| 30 days before Initial Trial Setting | **MOTIONS FOR SUMMARY JUDGMENT.** Without leave of court for good cause shown, all hearings for summary judgment motions must be set for hearing at least thirty (30) days before trial. |
| 30 days before Initial Trial Setting | **MOTIONS TO EXLUDE EXPERT TESTIMONY.** Any objection or motion to exclude or limit expert testimony must be set for hearing and heard at least thirty (30) days before trial or it is waived. |

Signed and approved on: ___12/12/2019___        _Jill Willis_ (signature)
                                                                            Judge Jill Willis

_/s/ Arthur K. Smith_
Plaintiff

(signature)
Defendant

_____
Other

**_In the event you have not been able to get opposing counsel/party to sign this Order or agree to a trial date or mediator, please explain that in writing and submit it to the Court along with this Order._**